IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL D. VAN DEELEN,    )
            )
      Plaintiff,  )
            )
v.            )  Case No. 05-4039-SAC
            )
MARION JOHNSON, et al.,    )
            )
      Defendants.  )

## ORDER

On July 8, 2005, the court conducted two separate telephone conferences in this case to consider two oral motions for protective order made by plaintiff during the course of his deposition.[1]  Plaintiff participated in each of these conferences in person and *pro se*.  Defendants participated in each of these conferences by and through their counsel of record, Michael K. Seck.

At the court's request, these conferences were recorded by the court reporter present to record plaintiff's deposition, Linda M. Wilson, CSR, CCR.  Ms. Wilson then forwarded to the court, for each of these two oral motions, the transcript of the portion of the deposition, with which plaintiff's motion was concerned, and the court's colloquy with the parties.  Those transcripts are attached hereto as Exhibits A and B.

The court denied each of plaintiff's oral motions for protective order.  In each instance, plaintiff requested that he not be required to disclose the information at issue until he had been given opportunity to seek review of the court's rulings by the trial judge to whom this case is assigned, U.S. Senior District

---

[1] Docs. 25 & 26.

Judge Sam A. Crow.  The court agreed to allow plaintiff an opportunity to seek review prior to providing the information at issue to defendant and informed the parties that it would enter a written order memorializing its rulings.  This order reflects the court's rulings made during the July 8, 2004-discovery conferences.  Plaintiff's time period to seek review of the court's rulings shall commence with the filing of this order.

## I.  Standards for Protective Orders

The decision whether to enter a protective order is a matter within the sound discretion of the court.[2]  Fed. R. Civ. P. 26(c) allows the court, upon the showing of good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[3]  The party seeking a protective order bears the burden of demonstrating that good cause exists to support its issuance.[4]

## II.  Plaintiff's First Oral Motion for Protective Order

Plaintiff's first oral motion seeks a protective order preventing him from having to identify for defendants the personal information he alleges that he was forced to disclose to defendant Flory in a manner that constituted an invasion of his right to privacy.[5]  In paragraph 11 of his complaint, plaintiff alleges the

---

[2]  *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).

[3]  Fed. R. Civ. P. 26(c).

[4]  *See, e.g., Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[5]  *See* Transcript, Ex. A at pp. 7-8.

2

following: "During the tax appeal hearing in defendant Miles' work area, plaintiff's right to privacy was invaded by defendants when he was forced to reveal confidential tax, financial and other personal information to defendant Flory, who was not authorized by law to obtain said information."[6]

During plaintiff's July 8, 2005- deposition, defendants' counsel asked plaintiff to tell him what personal information was revealed to Mr. Flory during this meeting.[7]  Plaintiff objected to the question, stating that he believed it was aimed at improperly discovering his legal theory.[8]  The parties engaged in a short discussion of the question on the record, whereupon plaintiff requested to adjourn the deposition so that he could seek a protective order from the court.[9]  The parties then contacted the court to seek a ruling on plaintiff's request for a protective order.[10]  The undersigned then conducted the first discovery conference with the parties,[11] wherein the court heard and denied plaintiff's request for protective order.[12]

Plaintiff seeks an order protecting him from having to disclose what personal information he claims to have been forced to disclose to defendant Flory during the tax appeal hearing in a manner that constituted an invasion of his right to privacy.  Plaintiff bases his request on Fed. R. Civ. P. 26(b)(3) wherein, with regard to the discovery of trial preparation materials, it is stated: "In ordering discovery of

---

[6] Complaint (Doc. 1), at ¶ 11.

[7] *See* Transcript, Ex. A at p. 3.

[8] *See id.* at pp. 3-4.

[9] *Id.* at pp. 4-5.

[10] *See id.* at p. 5.

[11] *See id.* at pp.5-17.

[12] *Id.* at pp. 8-9.

such materials when the required showing has been made, the court shall protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."[13]

The court does not find plaintiff's authority applicable in this instance. "In order to qualify as work product under Fed. R. Civ. P. 26(b)(3) the material must be *all* of the following: 1. Documents and tangible things; 2. Prepared in anticipation of litigation or for trial; 3. Prepared by or for another party or by or for that other party's representative."[14] "Rule 26(b)(3) speaks of protection for documents and tangible things."[15] In this instance, plaintiff seeks protection from providing deposition testimony only, and no document or tangible thing is at issue. Therefore, the work product protection does not apply.

Moreover, even in circumstances where the work product doctrine does apply, it does not "protect from disclosure 'facts that the adverse party's lawyer has learned or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.'"[16] In this instance, because plaintiff is proceeding *pro se*, the information at issue represents facts known to the party himself, rather than those learned by an attorney, but the principle remains the same. Defense counsel's question seeks to learn the factual basis for plaintiff's contention that

---

[13] Fed. R. Civ. P. 26(b)(3).

[14] *Bohannon v. Honda Motor Co., Ltd.*, 127 F.R.D. 536, 538-39 (D. Kan. 1989).

[15] *Koch v. Koch Ind., Inc.*, No. 85-1636-C, 1992 WL 223816, at *13 (D. Kan. Aug. 24, 1992) (quotation and citation omitted).

[16] *Hoffman v. United Telecomms., Inc.*, 117 F.R.D. 436, 439 (D. Kan. 1987) (quoting *Casson Constr. Co., Inc. v. Armco Steel Corp.*, 91 F.R.D. 376, 385 (D. Kan. 1980) (citation omitted)).

his right to privacy was violated when he was compelled to disclose information in the presence of defendant Flory.  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."[17]  "[T]he deposition-discovery rules are to be accorded a broad and liberal treatment."[18]  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."[19]  Plaintiff has failed to establish any privilege, or other good cause, to support his request for a protective order precluding defendants' discovery of the facts underlying his claim of invasion of privacy.  The court, therefore, finds that the discovery should be allowed and plaintiff's first oral motion for protective order should be denied.  Plaintiff shall disclose to defendants the confidential tax, financial, and other personal information that he disclosed to defendant Flory.[20]

## III.  Plaintiff's Second Oral Motion for Protective Order

Plaintiff's second oral motion seeks a protective order preventing defendants' counsel from inquiring of him regarding prior lawsuits, in which he was the plaintiff.[21]  During plaintiff's July 8, 2005-deposition, defendants' counsel asked plaintiff whether he had filed a prior lawsuit against  a Mr. Kenneth

---

[17] Fed. R. Civ. P. 26(b)(1).

[18] *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392 (1947).

[19] *Id.*

[20] *See* the court's oral statement of its ruling during the first July 8, 2005-discovery conference, Ex. A at p. 9.

[21] *See* Transcript, Ex. B at p. 25.

Massey and whether he claimed damages based upon emotional distress in a lawsuit against the Eudora Amateur Baseball Association and a Mr. Mark Chrislip.[22]  Plaintiff objected to the line of questioning relating to prior lawsuits he had filed, and asked to call the court to request a protective order.[23]  The parties then contacted the court to seek a ruling on plaintiff's request for a protective order.[24]  The undersigned then conducted the second conference with the parties,[25] wherein the court heard and denied plaintiff's request for protective order.[26]

Plaintiff 's second request for protective order, preventing defendants from inquiring of him regarding past lawsuits, is based upon his assertion that such discovery is irrelevant.[27]  As noted above, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."[28]  "Discovery relevance is minimal relevance, which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."[29]  "The party opposing the discovery has the burden of proving its lack of relevance."[30]  "More than a conclusory statement that the

---

[22] *See id.* at pp. 18-22.

[23] *See Id.*

[24] *See id.* at p. 23.

[25] *See id.* at pp. 23-40.

[26] *See id.* at pp. 26-31.

[27] *See id.* at pp. 23-25; 29.

[28] Fed. R. Civ. P. 26(b)(1).

[29] *Koch*, 1992 WL 223816, at *1 (citing *Snowden by and through Victor v. Connaught Lab.*, 137 F.R.D. 325, 329 (D. Kan. 1991) (further citation omitted)).

[30] *Id.* (citations omitted).

discovery is irrelevant must be offered , the opposing party must show specifically how the request is not reasonably calculated to lead to the discovery of admissible evidence.'"[31]

In his complaint giving rise to this action, plaintiff has made a claim for damages as a result of emotional distress allegedly caused by the actions of defendants.[32]  Because plaintiff has made this claim, the court finds that it is relevant for defendants to inquire regarding plaintiff's past lawsuits to determine what, if any, of the emotional distress damages he is claiming in the instant case might be attributable to injuries alleged in those prior lawsuits.

Plaintiff contends that this is not relevant  because he has stated that none of the harm from any of his prior lawsuits continues to affect him.[33]  While this may well be plaintiff's subjective belief, the court believes that defendants are still entitled to inquire with regard to past claims in order to objectively test the veracity of that belief and potentially develop evidence to put before the trier of fact.  To the court, this appears to present a textbook example of a line of inquiry that is reasonably calculated to lead to the discovery of admissible evidence.

The court finds that the discovery should be allowed and plaintiff's second oral motion for protective order should be denied.  Defendant's counsel indicates that he has records of lawsuits, in which plaintiff made claims for damages resulting from emotional distress, beginning in 1993.  Plaintiff shall,

---

[31] *Id.* (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3ʳᵈ Cir. 1982)).

[32] Complaint (Doc. 1), at ¶ 27 ("Plaintiff was damaged by the defendants' actions against him as detailed herein.  Plaintiff has experienced and will continue to experience metal anguish, pain and suffering, shame, humiliation, emotional distress and financial loss as the result of the actions of the defendants against him.").

[33] *See* Transcript, Ex. B at pp. 27; 29.

therefore, answer defendants' counsel's questions regarding any lawsuits he has initiated since January 1, 1993.

**IV.  Conclusion**

Based upon the foregoing, the court concludes that plaintiff's two oral motions for protective order made during his deposition on July 8, 2005, are denied.  Defendants are granted leave to further depose plaintiff, at a time and place agreed upon by the parties, for the purpose of asking him questions related to the areas of information at issue in his two oral motions for protective order and this order.  This order shall be stayed in effect  pending the earlier of a ruling by the trial judge on any objection made to this order by plaintiff, or the expiration of plaintiff's time to file an objection to this order if no such objection is filed during that time period.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge