IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL D. VAN DEELEN,

           Plaintiff,

Vs.                                    No.  05-4039-SAC

MARION JOHNSON,
STEVEN MILES,
DALE FLORY,
KENNETH FANGOHR,
KEN McGOVERN, and
THE BOARD OF COUNTY COMMISSIONERS
OF DOUGLAS, KANSAS,

           Defendants.

MEMORANDUM AND ORDER

       This case comes before the court on pro se plaintiff's timely motion to reconsider the court's order dated June 27, 2006, which granted defendant's motion for summary judgment.

       Plaintiff's motion to reconsider is subject to D.Kan. Rule 7.3(a) and Fed. R. Civ. P. 59(e).  The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion.  *Hancock v. City of*

*Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

A Rule 59(e) motion stands on limited grounds.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).").  A Rule 59(e) motion does not make appropriate the revisiting of issues already considered or the arguing of matters not raised in prior briefs.  *Servants of Paraclete v. Does*, 204 F.3d at 1012.  Put another way, a party is not to pursue such a motion in order to rehash previously rejected arguments or to offer new legal theories or facts.  *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997).  Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

In his motion for reconsideration, plaintiff fails to allege any intervening change in the controlling law, any new evidence previously

unavailable, or the need to correct clear error or prevent manifest injustice. Denial of plaintiff's motion is warranted on that basis alone.

Nonetheless, the court briefly examines the substance of plaintiff's claims. Plaintiff's motion alleges that: 1) the court failed to consider all his factual allegations, specifically his affidavit; 2) the court incorrectly ruled that plaintiff's tax appeal hearings were private matters; 3) the court failed to consider plaintiff's claim under the petition clause; 4) the court erred in its free speech analysis regarding fighting words; 5) the court erroneously ruled that defendants' acts failed to shock the conscience of the court; and 6) the court abused its discretion in dismissing plaintiff's state law claims.

The court notes that it specifically considered all of plaintiff's factual allegations, including his entire affidavit. The task of determining which facts plaintiff believed supported which of his multiple claims was challenging for the court, since neither the pretrial order nor plaintiff's briefs on summary judgment was of material assistance. Nonetheless, the court carefully reviewed plaintiff's affidavit and specifically and repeatedly examined it in ruling on defendant's motion for summary judgment. *See e.g.*, Dk. 72, factual statement, and pp. 26, 33. The court did not recite in its order every factual assertion made in plaintiff's affidavit, but only those which were material and could have added to plaintiff's

claims or made a difference in the court's rulings.  Because paragraph 13 of plaintiff's affidavit relating to tax forms added nothing to his claims regarding his tax appeals and was governed by the same analysis, the court did not separately address it.

The court additionally took pains to specifically consider each of plaintiff's claims, including plaintiff's petition clause claim.  *See* Dk. 72, p. 8 - 12 ("The court first addresses plaintiff's claim that defendants violated his right to petition the government for redress of grievances, namely, his right to pursue future tax valuation appeals.)  This claim is precisely the claim stated by plaintiff in the pretrial order.  *See* Dk. 61, p. 8, para. 17 (" The Defendants, acting under color of state law in their individual and official capacities as employees of Douglas County, Kansas, unlawfully violated Plaintiff's rights to petition government for redress of grievances (*i.e*. Plaintiff's constitutional right to pursue tax valuation appeals) in violation of 42 U.S.C. § 1983 as detailed herein.")

Plaintiff's remaining allegations in this motion are that the court erred in its legal analysis.  The court is not persuaded of any error, and shall leave that matter for the Tenth Circuit's determination, should plaintiff perfect an appeal.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration is denied.

Dated this 15th day of August, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge