IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL D. VAN DEELEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARION JOHNSON and ) | Case No. 05-4039-SAC |
| STEVEN MILES and ) | |
| DALE FLORY and ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF THE COUNTY ) | |
| OF DOUGLAS, KANSAS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Defendant opposes plaintiff's motion in limine. Plaintiff's motion relies solely upon the Kansas rules of evidence, rather than the Federal Rules of Evidence which control.

1. <u>Evidence of Other Lawsuits and Other Disruptive/Abusive Conduct</u>

Defendants propose to offer evidence of other lawsuits filed by plaintiff and other incidents in which plaintiff was disruptive and abusive with defendants and others. Such evidence is admissible for multiple purposes.

First, in each of plaintiff's other lawsuits as in this one, plaintiff claims damages for emotional distress. Evidence of such claims discredits plaintiff's current assertion of emotional distress and is admissible as a prior statement of a witness under F.R.E. 613. When a plaintiff makes damage claims in a subsequent lawsuit that are also made in an earlier lawsuit, the claims

previously made are admissible for the purpose of showing that plaintiff is not entitled to recover twice for the same injuries. *See e.g., Richardson v. Missouri Pacific R.R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999). In *State Farm Fire & Cas. Co. v. Pettigrew*, 884 So. 2d 191 (Fl.App. 2004), the court concluded that evidence concerning a plaintiff's previous injury is relevant. *Id.* at 197. The *State Farm* court stated that there are "circumstances where evidence specifically concerning litigation or claims by a plaintiff for a prior injury will be considered relevant to matters at issue and therefore admissible. Thus, 'a plaintiff may properly be questioned about prior lawsuits or claims for injuries similar to those complained of in the present lawsuit trial.'" *Id.*

Secondly, evidence of other lawsuits demonstrates motive and a plan by plaintiff to assert similar claims against those who disagree with him. *See U.S. v. No Neck*, 472 F.3d 1048, 1054 (8th Cir. 2007)(error to preclude cross examination of complaining witness in sexual abuse trial whether she had falsely accused others of similar offenses). Further, the number of suits filed by plaintiff contradicts his claim that he was intimidated from further appeals of the appraised valuation of his wife's real estate by the conduct of defendants here by providing evidence that plaintiff would not be forestalled from appeals of property valuations by conduct of any defendant but rather has ceased filing appeals because of the realization that such appeals are futile as proven by the fact that each of his appeals has been unsuccessful.

Third, specific instances of plaintiff's conduct is admissible under F.R.E. 405(b) because his character trait of asserting disputed claims, some of which involve allegations of threats and assaults is an element of defendants' defense by providing justification for the presence of a law enforcement officer to avoid such incidents.

Finally, F.R.E. 608 permits the admission of evidence of specific instances of conduct for the purpose of attacking or supporting the credibility of a witness under specific circumstances. FRE 608(b) provides that

> "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be provided by extrisnic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

2.  Evidence of Judgments in Plaintiff's Past Lawsuits

In *Van Deelen v. City of Kansas City, Missouri*, 2006 WL 2077640 (W.D. Mo. 2006), the plaintiff was sanctioned for fabrication of evidence. The Honorable Gary Fenner found that plaintiff fabricated documents which he entered into evidence to support his argument that the City of Kansas City had waived its employee residency requirements. Plaintiff's response to this defeat of the suit against the City of Kansas City, Missouri, was to sue the attorneys for the City of Kansas City. *See Van Deelen v. City of Kansas City, Missouri, et al.*, USDC-Kansas Case No. 05-2028.

The decision of Judge Fenner was upheld through the appeal process with only a slight modification which limited the scope of Judge Fenner's order precluding plaintiff from filing other lawsuits. Plaintiff's petition for certiorari was denied. *See Van Deelen v. City of Kansas City, Mo.*, 128 S.Ct. 1884 (2008). The finding that plaintiff fabricated evidence and that he was disruptive and abusive, even to the Federal District Court, provides evidence that confirms the reasonableness of defendants' decision to have security present at the informal hearing on March 30, 2005. A final judicial decision concluding that plaintiff falsified evidence is relevant to impeach plaintiff's credibility.

FRE 608(b) provides that specific instances of conduct of a witness, if probative of truthfulness or untruthfulness, may be inquired into on cross-examination concerning the witness' character for untruthfulness. The finding of Federal Judge Fenner that plaintiff falsified evidence provides one specific instance of such conduct that is probative as to the plaintiff's character of untruthfulness. Cross examination of plaintiff about that finding is appropriate to impeach plaintiff's testimony.[1] *See e.g., U.S. v. Whitmore*, 359 F.3d 619-620 (D.C.Cir. 2004)(error to prevent defense questions to police officer as to whether he lied under oath in other trials); *U.S. v. Bagaric*, 706 F.2d 42, 65 (2d Cir)(cross examination of witness about immigration judge's finding that witness testimony was not credible was appropriate); *U.S. v. Terry*, 702 F.2d. 299 (1983)(cross examination of witness about another court's finding that his testimony was "unworthy of belief" was permissible). See also, *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1114 (10th Cir. 2001)(approving admission of evidence that officer had been suspended from the Highway Patrol 20 years earlier for falsifying a report) and *Walters v. Monarch Life Ins. Co.* 57 F.3d 899, 904 (10th Cir. 1995)(Defendant should have been permitted to inquire into false statements by plaintiff in the petition as a statement of a party which affected his credibility).

Plaintiff's reputation for lack of candor and disruptive and abusive conduct provide a legitimate reason for the precaution taken by defendants to have security present. Van Deelen is offering a tape of a July 2002 hearing which appears to be incomplete. The findings of Judge Fenner that plaintiff manipulates and fabricates evidence support defendants' challenge of the credibility of plaintiff and his evidence. Plaintiff's motion in limine should be denied.

---

[1] For a general discussion of admissibility of such evidence under F.R.E. 608(b), see 3 Mueller and Kirkpatrick, *Federal Evidence* § 6:33; pp 202-223.

3.   <u>Plaintiff's Request for the Court to Order a "Side Bar"</u>

Plaintiff's anticipatory request for a side bar is unnecessary. Defendants will comply with any order of the Court on the motions in limine.

Respectfully submitted,

<u>s/J. Steven Pigg</u>
J. Steven Pigg
Attorney's Bar #09213
Attorney for Defendants
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
P. O. Box 949
Topeka, KS 66601-0949
Phone number: (785) 232-7761
Fax number: (785) 232-6604
Attorney's E-mail address: spigg@fisherpatterson.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:   No one. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Michael D. Van Deelen
P. O. Box 554
Eudora, Kansas 66025

<u>s/J. Steven Pigg</u>
J. Steven Pigg
Attorney's Bar #09213
Attorney for Defendants
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street, P. O. Box 949
Topeka, KS 66601-0949
Phone number: (785) 232-7761
Fax number: (785) 232-6604
Attorney's E-mail address: spigg@fisherpatterson.com