IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL D. VAN DEELEN,

                Plaintiff,

      Vs.                            No.  05-4039-SAC

MARION JOHNSON,
STEVEN MILES,
DALE FLORY, and
KENNETH FANGOHR,

                Defendants.


## MEMORANDUM AND ORDER

This case comes before the court on motions recently filed by both parties. Trial is set for October 29, 2008.

**Plaintiff's motion in limine** (Dk. 107; 104 )

Plaintiff's motion in limine seeks to exclude under Rule 404(b) evidence of prior lawsuits he has filed and rulings made in them, other than his lawsuits against one or all of the current defendants. Plaintiff also seeks leave of court to file a reply brief regarding this motion, which motion is granted.

Included in the defendants' exhibits are copies of pleadings or orders filed in prior civil cases plaintiff has brought (Exhibits 439 - 468). Plaintiff objects to all of these except for Exhibit 466, which includes two of the same defendants as in this case, *i.e.*, Johnson and Miles. Plaintiff contends that the challenged exhibits are irrelevant to this case, are an improper attempt to show his bad character or litigiousness, and will unfairly prejudice him in front of the jury.

Plaintiff additionally objects to admission of some of his prior lawsuits because they were not disclosed to him during discovery. *See* Dk. 104. The court addresses this contention first.

**Failure to disclose**

It is uncontested that Defendants' Exhibits 439-450 were not disclosed to plaintiff during discovery. Rule 26(a)(1) requires a party to provide initial disclosures "without awaiting a discovery request" of copies of all documents that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims and defenses, unless solely for impeachment. Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed."

It is within this court's discretion to decide whether any Rule 26(a) violation was justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992-93 (10th Cir.1999). The following factors guide the court's discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply*, 170 F.3d at 993 (citation omitted)**.**

Plaintiff does not allege any prejudice or surprise from the proposed exhibits. Nor could he, given the facts that plaintiff had prior and superior knowledge to defendants of the existence and substance of his own lawsuits, having had each exhibit to which he

2

objects in his own possession before its existence was known to defendants.

Additionally, had these exhibits been timely disclosed to the plaintiff by defendants, the

plaintiff would likely have admitted their genuineness, as he did for all his other lawsuits

which the defendants did timely disclose to him. *See* Def. Exh. 469 (plaintiff's

admissions that his other lawsuits, Defendants' Exhibits 451-465, are genuine).

Nor would defendants' use of these exhibits disrupt the trial. Adding these

exhibits will not require a new strategy by plaintiff at trial, as they are like in kind to

exhibits plaintiff already knew defendants intended to use at trial. Although reference to

any other lawsuit or complaint has the potential to disrupt the trial by shifting the jury's

focus from this case to another, the court will enforce strict limits on any permitted

reference to plaintiff's prior lawsuits, and the parties shall not be allowed to engage in a

series of mini-trials on the merits of any of them. No bad faith or willfulness by

defendants has been shown. Defendants' failure to disclose Exhibits 439-450 is thus

harmless and shall not be sanctioned.

**Rule 404(b)**

The court next examines plaintiff's objection that admission of his prior lawsuits

or complaints violates Fed.R.Evid.404(b).[1]

> Rule 404(b) prohibits the admission of evidence of "other crimes, wrongs,
> or acts ... to prove the character of a person in order to show action in conformity
> therewith." It allows, however, for the admission of such evidence " for other
> purposes, such as proof of motive, opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or accident...." Rule 404(b) (emphasis
> added). Included among the other proper purposes for the admission of prior act
> evidence is impeachment. *See, e.g., United States v. Olivo*, 69 F.3d 1057, 1065

---

[1]Contrary to plaintiff's belief, the Federal Rules of Evidence apply to all claims in this case.

(10th Cir.1995).

*United States v. Cerno*, 529 F.3d 926, 936 (10th Cir.2008).This court considers four

factors in weighing the admissibility of evidence under Rule 404(b): (1) whether the

evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3)

whether the probative value of the evidence outweighs any prejudicial effect, and (4)

whether a limiting instruction is appropriate. *See Huddleston v. United States*, 485 U.S.

681, 691(1988); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir.), *cert. denied*,

531 U.S. 1043 (2000).

### Proper purpose

Prior lawsuits may be deemed to be other acts, within the meaning of Rule

404(b). Accordingly, by operation of the rule, defendants cannot admit evidence of

plaintiff's prior lawsuits for the purpose of proving that plaintiff is litigious. *See Gastineau*

*v. Fleet Mortgage Corp.*, 137 F.3d 490, 495-96 (7th Cir.1998); *Outley v. City of New*

*York*, 837 F.2d 587, 592 (2nd Cir.1988) (citation omitted). Prior lawsuits have been

found admissible at trial for other purposes, however. *See e.g., United States v.*

*Chisum*, 502 F.3d 1237, 1241 -1242 (10th Cir. 2007) (to show intent in a criminal tax

evasion case), *cert. denied*, __ U.S. __, 128 S.Ct. 1290 (2008); *Worsham v. A.H.*

*Robins Co.*, 734 F.2d 676, 688-89 (11th Cir.1984) (to show defendant's notice of a

similar product defect).

Defendants allege that all of the challenged exhibits are admissible for multiple

purposes: to show that plaintiff cannot recover twice for the same injuries which he

previously suffered (emotional damages); to show motive and a plan to assert similar

4

claims against those who disagree with him; to impeach the credibility of plaintiff's assertion that he was intimidated from filing further tax appeals; and to support the defense of justification for having a law enforcement officer present during the March 30, 2005 hearing. Defendants do not specify which exhibits are admissible for which purposes.

Showing plaintiff's plan, scheme or modus operandi through admission of prior lawsuits can undoubtedly be a proper purpose under Rule 404(b). *See e.g., Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377 (8th Cir. 2008); *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001); *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490 (7th Cir. 1998); *Byrne v. Gainey Transp. Services, Inc.*, 2005 WL 1799213, 2 (D.Kan. 2005). Impeachment is also included among the other proper purposes for the admission of prior act evidence. *Cerno*, 529 F.3d at 936; *See United States v. Olivo*, 69 F.3d 1057, 1065 (10th Cir.1995). The court has reviewed the challenged exhibits, and finds that the prior civil pleadings filed by plaintiff are similar enough to the present case in their allegations, claims and/or substance, that they could in fact reveal that plaintiff had a motive, plan or scheme to bring similar kinds of claims against those who crossed him. Because of their similarity to the present case, plaintiff's prior civil lawsuits show more than a generic pattern of litigiousness meant to show bad character.

**Relevance**

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Although the parties have not specifically addressed the relevance of each proffered exhibit, the court has reviewed them.  Setting forth the detail of each of plaintiff's prior lawsuits would unnecessarily lengthen this decision, thus the court has grouped and categorized the Exhibits as follows for purposes of its own convenience: KCMO employment lawsuits (Exhibits 439 -445, 460) filed from December of 2002 through October 19, 2007; Alamogordo employment lawsuits (Exhibits 446-450), filed from February of 2007 to March of 2008; FedEx employment lawsuits (Exhibits 457 & 459) filed in 1998; Little League lawsuits (Exhibits 451-454),filed in 1993; Flooding and County lawsuits (Exhibits 455, 465-468) filed in 1996-2000; and Sons' sports lawsuits (Exhibits 456, 458, 460-464) filed in 1996 - 2003. Some pleadings are strikingly similar to the present case in their factual recitations,[2] some are quite similar in the legal claims made,[3] many are similar in seeking damages for emotional distress, but all of the civil pleadings filed by the plaintiff are sufficiently similar in kind to the present suit as to be facially relevant to the limited purposes found to be proper above.

**Prejudice/Limiting instruction**

---

[2]*See e.g.,* Def. Exh.462 - *Van Deelen v. Charles Stephenson, et al.*, No. 03CV1295, filed Feb. 21, 2002, in Johnson County, in which plaintiff alleges that after having twice sued the Lathrop and Gage law firm, plaintiff went to that firm where a security guard attacked, struck and choked him without cause. Soon thereafter, when alone with plaintiff, the guard allegedly said, "Lathrop and Gage has asked me to take care of you." The guard then pointed his pistol at plaintiff and threatened, "Drop those suits, if you know what's good for you. If you don't, you'd better keep your door locked at night."

[3]See e.g., Def. Exh. 450 - *Van Deelen v. Alamogordo Public Schools et al*, filed June 11, 2007, in which plaintiff asserts multiple Section 1983 counts of retaliation, free speech, equal protection, procedural and substantive due process violations, and conspiracy claims in addition to state law claims.

The trial court has broad discretion under Rule 404(b) to examine whether the probative value of evidence substantially outweighs the danger of unfair prejudice. *United States v. Youts,* 229 F.3d 1312, 1319 (10th Cir.2000). See *United States v. Hubenka*, 438 F.3d 1026, 1036 (10th Cir.), cert. denied, __ U.S. __, 127 S.Ct. 114 (2006).The court is aware of the potentially prejudicial nature of the challenged evidence, but not all detrimental evidence is "unfairly prejudicial."

> Evidence is not unfairly prejudicial simply because it is detrimental to a party's case. *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir.1991). Evidence is unfairly prejudicial when it has " 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one.' " *Stump v. Gates*, 211 F.3d 527, 538 (10th Cir.2000) (quoting Fed.R.Evid. 403 advisory committee's note).

*United States v. Magleby*, 241 F.3d 1306, 1315 (10th Cir. 2001), *cert. denied*, 547 U.S. 1097 (2006). *See Cerno*, 529 U.S. at 936-37.

Fed.R.Civ.Proc. 11 requires a good faith belief that a pleading filed in court is grounded in fact. A party who files a lawsuit represents to the court that it conforms with Rule 11, or with comparable state rules governing good faith pleading. The filing of a lawsuit is generally done with considerable thought and care. *Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986). Absent unauthorized conduct on the part of a party's attorney, there is nothing unfair about the introduction of one's past lawsuits. *Id.* Here, plaintiff acted pro se, thus each factual assertion and legal theory in each of the prior civil lawsuits was crafted solely by plaintiff himself, without the assistance of an attorney. Plaintiff is hard pressed to show undue prejudice when confronted at trial with the allegations he chose to include in his own pleadings.

In this case, the primary issue is the credibility of the parties. Two crucial events

7

give rise to all of plaintiff's claims: one witnessed only by the plaintiff and defendant Flory, and one witnessed only by plaintiff, defendant Flory, and defendant Miles. Evidence which lends to or detracts from any party's credibility is thus of great probative value. The court finds that the probative value of the similar prior civil pleadings filed by the plaintiff substantially outweighs the danger of unfair prejudice. Although the potential for some prejudicial effect is possible, unfair prejudice can be prevented by a limiting instruction, which the court may give.

The court reaches a different result as to those exhibits which are not civil pleadings filed by the plaintiff. These are: Defendants' Exhibit 471- a Douglas County District Court Docket Sheet listing the names of approximately twenty cases involving the plaintiff (two criminal cases listing plaintiff as defendant and 17 civil cases listing him as plaintiff); Exhibit 472- a Eudora police department police report of an incident on Nov. 8, 2002, listing plaintiff as the victim who complained of being "threatened and menaced by suspects"; and Exhibit  473 - A Eudora police department police report of an incident on January 10, 2003, listing plaintiff as the victim who complained of a man on a loader on or near plaintiff's property who refused to tell plaintiff his name; Exhibit 442 (Order of Judge Fenner, finding plaintiff "has established a pattern and practice of filing frivolous lawsuits against various individuals and entities," demonstrating a willingness to abuse the judicial process for his own personal gratification,"fabricated" evidence, "gave false testimony in support of his claims, verbally harassed co-counsel, the Defendants and his own witnesses, used flippant and inappropriate remarks, etc.; Exhibit 444 (order dismissing plaintiff's case against Judge Fenner pursuant to plaintiff's notice of

dismissal); Exhibit 445 (Eighth Circuit order affirming Judge Fenner's ruling in plaintiff's lawsuit which plaintiff tried to Judge Fenner); and Exhibit 447 (order dismissing plaintiff's case against the Truth or Consequences Board of Education and others, pursuant to plaintiff's notice of dismissal).

Defendants have not shown any proper purpose for these exhibits. These are insufficiently similar to the present case to have much, if any probative value, and do not appear to be offered for a purpose other than showing plaintiff's litigious nature. Additionally, the probative value of these exhibits is outweighed by the danger of unfair prejudice. Plaintiff's motion in limine and objections shall be granted as to these exhibits. *See* Dk. 104. As a result, the court also grants plaintiff's motion to preclude the testimony of the officers who wrote Exhibits 472 and 473, *i.e.,* Sgt. G. Dahlem, and Officer P.C. Casagranda of the Eudora Police Department.

### Rule 405(b)

Defendants also contend that plaintiff's prior lawsuits, orders, and complaints are admissible pursuant to Fed.R.Evid. 405(b), which provides:

> In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Defendants allege that plaintiff's character trait of being disputatious is an essential element of their "same decision" defense - *i.e.*, that they would have had a law enforcement officer present during the March 30, 2005 hearing even if plaintiff had not previously sued them, because of their knowledge of his pattern of behavior. This rule provides a separate basis for admission of those lawsuits known to the defendants prior

9

to March 30, 2005.

Defendants separately contend that plaintiff's previous claims of emotional damages are relevant and admissible for the purpose of preventing recovery in this lawsuit for similar damages caused by other acts of other defendants in other cases. To the extent that plaintiff has made similar damages claims in his prior civil lawsuits, such lawsuits are admissible for the purpose showing the existence of plaintiff's alleged pre-existing injuries, whether emotional or otherwise. *See Dugan v. EMS Helicopters, Inc.*, 915 F.2d 1428, 1431-1432 (10th Cir.1990) ("Historically, where a plaintiff files a lawsuit against different defendants for the same injuries, allegations from that prior complaint are considered evidentiary admissions against interest.")

### Rule 613

Defendants additionally assert that plaintiff's prior lawsuits are admissible as a prior statement of a witness under Rule 613. To the extent that defendants intend to use plaintiff's prior statements as inconsistent statements governed by subsection (b), the court agrees. "Prior pleadings may be introduced on cross examination for use as an impeachment tool under Fed.R.Evid. 613." *Dugan*, 915 F.2d at 1432. Subsection (a) of that rule, however, merely permits a method of examination for, and not a basis for admissibility of, prior statements. Plaintiff's prior pleadings are, of course, his own prior statements offered against him, and may be introduced as substantive evidence pursuant to Fed.R.Evid. 801(d)(2). *Dugan*, 915 F.2d at 1432;  *LWT, Inc. v. Childers*, 19 F.3d 539, 542 (10th Cir.1994); *Haynes v. Manning,* 717 F.Supp. 730, 733 (D.Kan.1989), *aff'd in part and rev'd in part, 917 F.2d 450* (10th Cir.1990); *Mason v. Texaco, Inc.*,129

10

F.R.D. 542, 543 -544 (D.Kan. 1989) (finding plaintiff's prior pleadings may be admissible even if they are not inconsistent with her present stance, stating "the established rule is that prior pleadings may be considered as adverse evidentiary admissions in subsequent proceedings.")

      **Mini-trials**

Despite the court's finding that the plaintiff's civil pleadings are admissible for the purposes noted above, the court finds it necessary to curtail their use, both to prevent unfair prejudice and to preclude a series of mini-trials on the merits of each of plaintiff's prior civil pleadings. Accordingly, the court directs the parties to limit the scope of their examination regarding these exhibits to the fact that these pleadings were filed by the plaintiff, and to the plain language on the face of them. The parties shall not be permitted to testify about the validity or invalidity of those lawsuits or refer to facts underlying them which are not stated in the exhibits themselves. Plaintiff will not be precluded from stating his belief, if any, that the allegations in the lawsuits were true, but shall not be permitted to explain the factual basis underlying that belief. Similarly, defendants shall not be permitted to explain the factual basis underlying any belief that such lawsuits were frivolous. Additional limits on use of these exhibits may be added at trial, as deemed necessary by the court.

**Defendants' motion in limine**

By this motion, defendants move the court to preclude evidence regarding two matters: 1) the validity of the tax appraisals on plaintiff's land; and 2) a lawsuit plaintiff filed against defendants' law firm, defendants' former counsel (Mr. Seck), an insurance

company and a process server.

Defendants contend that the validity of the appraisals is barred by the doctrines of res judicata, collateral estoppel and exhaustion of administrative remedies, and is irrelevant. In response, plaintiff reminds defendants that they stipulated in the Pretrial order to the admission of this evidence, subject to objections based solely on relevancy, and waived the affirmative defenses of res judicata and the like by failing to include them in the Pretrial order. *See* Dk.61, p. 3.

The court finds it unnecessary to reach the issue of waiver because defendants are correct that the validity of the prior appraisals is not relevant to any issue in this trial. Accordingly, inquiry into the amount of valuation, the method of valuation, the condition of plaintiff's property, the absence of a home inspection or appraisal, and the like shall not be permitted. Neither party shall be precluded, however, from offering evidence of the acts or statements of the parties during informal hearings involving any party, to the extent such evidence is probative to support either plaintiff's theory that defendants had reason to retaliate against him or defendants' theory that the presence of a security guard during plaintiff's March 30, 2005 hearing was based on legitimate business reasons that do not violate the First Amendment. Additional limits on use of these exhibits may be added at trial, as deemed necessary by the court.

Defendants' objection to the lawsuit plaintiff filed against defendants' current law firm (Fisher, Patterson *et al*), one of the firm's attorneys, an insurance company and a process server (Exhibits 162, 163) lacks substance. The court does not agree that the evidence of payment ($1,001.00) is necessarily barred by Rule 408. Defendants have

12

not offered a sound reason for exclusion, nor has plaintiff shown any relevance, of this exhibit. Because defendants have failed to show the court that this evidence should be excluded at this time, the court will await a showing of relevance, if any, from the plaintiff at trial.

**Plaintiff's motion for sanctions/Defendants' motion to amend**

After defendants filed their final witness and exhibit list, plaintiff correctly objected that it failed to include the subject matter of any witness's testimony, and failed to disclose the telephone number and address for a witness, Ms. Metcalf, among other matters. Defendants then filed a motion to amend their witness and exhibit list to cure those failures. Defendants also sought to add new exhibits, which are photographs and a diagram of the cubicle in which the March 30, 2005 hearing occurred. Plaintiff then moved for sanctions against defendant's counsel for failing to timely disclose material evidence, namely, the telephone number and address of Ms. Metcalf, the summaries of testimony for other witnesses, and the new exhibits.

The court refers the parties to its discussion above regarding Rule 37 sanctions. Defendants have informed the court of the reasons for their delay,[4] and the court finds good cause shown for defendants' failure to previously disclose to plaintiff Ms. Metcalf's telephone number and address. Additionally, any prejudice plaintiff may have suffered from not having had Ms. Metcalf's telephone number or address earlier has been fully cured by defendant's willingness to reopen discovery so plaintiff can depose her. Doing

---

[4]See Defendants' motion to amend; Defendants' response to plaintiff's motion for sanctions.

13

so will not require any continuance in the trial date.

 Nor has the plaintiff shown prejudice from defendants' failure to include a summary of anticipated trial testimony from Miles, Flory, Johnson, and Fangohr. These witnesses are defendants, the nature of whose testimony has previously been revealed to plaintiff by virtue of multiple prior proceedings in this case.

Similarly, the court finds no prejudice by defendants' addition of new exhibits, since they are merely photographs and a diagram of the location in which some of the disputed events of this lawsuit occurred. These are objective depictions not subject to reasonable dispute, will be helpful to the jury, and have not been shown to be prejudicial to plaintiff. Plaintiff's objections to lack of foundation can be raised at trial, if appropriate. Accordingly, defendants shall be permitted to file their amended witness and exhibit list, and plaintiff's motion for sanctions shall be denied, as shall his objections to defendants' demonstrative exhibits.

**Allegations of bad faith**

The court finds it necessary to address another matter. Plaintiff is not an attorney but plaintiff has made assertions regarding defense counsel's bad faith which assertions this court would not countenance, if they had been made by an attorney. Such personal accusations are unfounded and inappropriate. Not every failure, oversight or error springs from bad faith, nor does every omission or misstatement constitute perjury. In particular, the court notes the following personal accusation by plaintiff:

> Furthermore, the testimony of Ms. Metcalf proffered by the defendants is patently false and fraudulent. Ms. Metcalf did not attend the March 30, 2005 tax appeal hearing. The only persons in attendance were plaintiff, defendant Miles and defendant Flory.

14

Dk. 114, p. 3. The testimony proffered by defendants states only that "Defendants anticipate that Metcalf can testify regarding plaintiff's behavior and language during the hearing in her presence." Dk.109 p. 2. This court has never seen any assertion by defendants that Ms. Metcalf was present during the March 30, 2005 tax appeal hearing, and plaintiff misconstrues the motions to reach that result. Even a cursory reading of defendants' filings unambiguously shows that Ms. Metcalf's anticipated testimony is not about the March 30, 2005 tax appeal hearing, but is about the tax appeal hearing in 2002 at which she and the plaintiff were present. *See* Dk. 109. Plaintiff is well aware of this fact, having offered as one of his own exhibits a tape recording of at least part of that same hearing with Ms. Metcalf on July 24, 2002. *See* Exh.104.[5]

Plaintiff is cautioned that this court takes very seriously every assertion that an attorney is asserting "false and fraudulent" evidence in its court. In the event that plaintiff makes similar unfounded assertions in the future, the court will not hesitate to sanction the plaintiff. The court fully expects that counsel and the plaintiff in this case will treat each other with courtesy and respect, despite the adversarial nature of their positions.

**Defendants' objections to plaintiff's exhibits**

The court notes that defendants have filed objections to some of plaintiff's exhibits. This document consists mostly of a list of the challenged exhibits, with a cursory statement of defendants' objections, *i.e.*, "hearsay," and "lack of foundation." The court reserves ruling on these objections until they are reasserted and properly

---

[5]The court, having listened to this tape, does not agree with plaintiff's assertion that counsel falsely implied that the tape is incomplete. *See* plaintiff's motion for leave to reply, filed Oct. 17, 2008, p. 2.

15

argued at trial.

**Deposition designations**

Both parties have designated testimony from plaintiff's deposition to be presented at trial, to which the other objects. *See* Dk. 100, 106, 112, 123. By way of untimely supplemental objection, plaintiff objects to any use of his deposition, because he will be present to testify at trial. This objection is overruled pursuant to Fed. R. Civ. Pro. 32, which allows a party to introduce "as a part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there." *King & King Enters. v. Champlin Petroleum Co.*, 657 F.2d 1147, 1163-64 (10th Cir.1981) (internal quotation marks and citation omitted), *cert. denied*, 454 U.S. 1164 (1982). Plaintiff additionally objects to defendants' designation of page 74, line 18 through page 75 line 12 because it fails to include a change made via his errata sheet. In response, defendants have agreed to include the change made by the errata sheet, mooting this objection.

Plaintiff next objects that his deposition testimony about his lawsuit against Mr. Massey is irrelevant. This objection is overruled for the reasons stated above relating to plaintiff's motion in limine to exclude his prior lawsuits. Nonetheless, the court has placed limits on the parties' discussion of prior lawsuits, and finds that this deposition testimony serves no legitimate purpose not already served by the admission of Exhibit 451, which is plaintiff's lawsuit against Mr. Massey. Accordingly, the court sustains plaintiff's objection to the designation of his deposition at pages 118, lines 8-18. As a result, plaintiff will not counter-designate the lines following those, *see* Dk. 106, p. 3,

16

mooting defendants' objection to that potential counter-designation.

**Amendment of order regarding parties**

This court previously found that all individual defendants remain as parties to this case (Dk. 121). The court has *sua sponte* reexamined that conclusion in light of its more recent review of the Tenth Circuit's decision remanding this case, which stated in part:

> Mr. Van Deelen further conceded at oral argument that his appeal on First Amendment grounds pertains only to Mr. Miles, Mr. Johnson, and Deputy Flory, and that he does not appeal the district court's conclusion that he lacks evidence of retaliatory conduct by Sergeant Fangohr or Sheriff McGovern.

Dk.82, p. 8. The court notes that although Sergeant Fangohr remains a party to plaintiff's state law conspiracy claim, Sheriff McGovern is not named in that claim. Accordingly, the court finds that Ken McGovern should be dismissed from this case, and that defendants Kenneth Fangohr and Ken McGovern should be dismissed from plaintiff's First Amendment claims.

IT IS THEREFORE ORDERED that plaintiff's motion for leave of court to file a reply brief (Dk. 130) is granted; that plaintiff's motion in limine (Dk.107) is granted as to Exhibits 471-473, 442, 444, 445 and 447 and denied in all other respects; that defendants' motion in limine (Dk.110) is granted as to the validity of the appraisals and is denied as to the Seck lawsuit.

IT IS FURTHER ORDERED that defendants' motion to file amended final witness and exhibit list (Dk. 109) is granted; that plaintiff's motion for sanctions (Dk. 114) is denied; that plaintiff's objections to defendants' final witness and exhibit list (Dk. 104) are overruled except as to Exhibits 471-473, 442, 444, 445 and 447 and witnesses Dahlem and Casagranda; that plaintiff's objections to defendants' demonstrative exhibits

(Dk. 137) are overruled; and that defendants' objections to plaintiff's trial exhibits (Dk. 105) are denied without prejudice to their reassertion during trial.

IT IS FURTHER ORDERED that plaintiff's objection to defendants' designation of his deposition (Dk. 106) is sustained as to pages 118, lines 8-18, and is overruled as to plaintiff's remaining objections; that defendants' objection to plaintiff's potential counter-designation (Dk. 112) is denied as moot; and that plaintiff's supplemental objections to defendants' designations (Dk. 123) are overruled.

IT IS FURTHER ORDERED that defendant Ken McGovern is dismissed as a party from this case and that defendants Kenneth Fangohr and Ken McGovern are dismissed from plaintiff's First Amendment claims.

Dated this 22nd day of October, 2008.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge