IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL D. VAN DEELEN,

        Plaintiff,

v.                                                          No. 05-4039-SAC

MARION JOHNSON,
STEVEN MILES,
DALE FLORY, and
KEN FANGOHR,

        Defendants.

## MEMORANDUM AND ORDER

This case comes before the court on additional pretrial motions filed by the parties.

**Plaintiff's conditional motion to amend**

In his conditional motion to amend complaint to conform to the evidence, filed pursuant to Fed.R.Civ.Pro. 15(b), plaintiff seeks to add a claim that the defendants retaliated against him and infringed on his right to pursue tax valuation appeals because of prior lawsuits he filed other than the one stated in the pretrial order. Defendants oppose the motion as premature and unfounded.

Rule 15(b) by its terms deals with issues, not evidence, and with issues tried, not merely anticipated. It states in part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

A pretrial order may not be amended after a final pretrial conference except to prevent manifest injustice.  However, under Fed.R.Civ.P. 15(b), the pleadings may be treated as having been amended to include new issues when those issues are presented in evidence and the parties either expressly or implied consent to their presence in the trial. Fed.R.Civ.P. 15(b) may be applied to amend pretrial orders. *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982).

Rule 15(b) does not apply when evidence raised at trial is relevant to other issues already being tried. *Jeffries v. Tulsa County Bd. Of County Com'rs,* 17 Fed.Appx. 952, 2001 WL 1018348 (10th Cir. 2001). Implied consent to the trial of an issue not contained within the pleadings cannot be based on the introduction of evidence that is relevant to an issue already in the case when, as here, there is no indication that the party presenting the

evidence intended to raise a new issue. Fed.Rules Civ.Proc.Rule 15(b), 28 U.S.C.A. *Green Country Food Market, Inc. v. Bottling Group, LLC,* 371 F.3d 1275 (10th Cir. 2004). Under such circumstances, amendment may be denied in the discretion of the trial court. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir.2000).

     Here, the court's order permitting defendants to use plaintiff's prior pleadings for certain purposes hardly heralds the assertion of a new retaliation claim. In this case there is simply no evidence of any consent among the parties to litigate the new retaliation claim that plaintiff imputes to defendants. Plaintiff points to nothing in its own motions expressly raising such a new cause of action, much less anything in defendants' papers suggesting consent to one. The prior lawsuits fall squarely within the purview of the theories of recovery and defenses that the pretrial order already encompasses. Moreover, this Court never intimated that the plaintiff's prior pleadings were relevant to any cause of action other than the First Amendment claims already raised expressly in the pretrial order. The court repeatedly linked its discussion of those prior pleadings to the existing claims and defenses without any reference to any new hypothetical Count that plaintiff asserts. This motion shall thus be denied.

**Defendants' objections to plaintiff's demonstrative exhibits**

Defendants object to two of plaintiff's four demonstrative exhibits. Defendants ask that the jury be advised that two of the three transcripts identified by plaintiff, namely, those of the July 24, 2002 and July 30, 2002, tax appeal hearings, are either incomplete or plaintiff shut off the tape before the meeting was concluded. Defendants additionally request that the jury be informed that the tape is the best evidence of such events.

This latter request is granted to the extent that the court anticipates instructing the jury as it routinely does when tapes or the like are played during trial, to the following effect:

> You will now hear tape recordings of certain conversations. These conversations were legally recorded by one of the parties. They are a proper form of evidence for this trial and may be considered by you, just as any other evidence.
> You may be furnished transcripts of tape recordings to assist in your comprehension of such recordings. The transcripts of the tape recordings are for your guidance in clarifying portions of the tapes which may be difficult to hear or in identifying the speakers on the recording.  It is important, however, that you understand that the tapes are evidence and the transcripts are not evidence.  If you perceive any variation between what you heard and what you read, you must be guided solely by the tape and not the transcript.  If you cannot determine from the tape whether particular words are spoken, you must disregard the transcript insofar as those words are concerned.

The court denies defendants' request to inform the jury that the

transcripts of the July 24, 2002 and July 30, 2002, tax appeal hearings are either incomplete or plaintiff shut off the tape before the meeting was concluded. Such a matter is for the defendants to establish by the evidence admitted during trial, not for the court to conclude as a matter of law.

IT IS THEREFORE ORDERED that plaintiff's conditional motion to amend (Dk. 131) is denied.

IT IS FURTHER ORDERED that defendants' objections to plaintiff's designation of demonstrative exhibits (Dk. 139) are overruled except as stated herein.

Dated this 28th day of October, 2008.

> s/ Sam A. Crow  
> Sam A. Crow, U.S. District Senior Judge